IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON HOLMAN )
)
    Plaintiff, )
) Case No. 3:11CV 240
v. )
) Trial By Jury Demanded
NORFOLK SOUTHERN RAILWAY )
COMPANY, a corporation, )
)
    Defendant. )

## COMPLAINT AND JURY DEMAND

The Plaintiff, JASON HOLMAN, by his attorneys, Harrington, Thompson, Acker & Harrington, Ltd., and complaining of the Defendant, Norfolk Southern Railway Company, a corporation, (hereinafter "NSRC") states:

1. Subject matter jurisdiction for the Plaintiff's cause of action against NSRC exists under the Federal Employers' Liability Act pursuant to 45 U.S.C. §51; 45 U.S.C. §56 and 28 U.S.C. §1331.

2. Venue for this cause of action exists in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. §1391(b).

3. Plaintiff is a residents of Peru, Miami County, Indiana.

4. The Defendant, NSRC, is a corporation doing business as a common carrier for hire, engaged in interstate commerce by rail in various states of the United States, including the state of Indiana.

5. The Plaintiff has been employed by Defendant in train service, and his duties were in furtherance of interstate commerce for Defendant.

6. On and before December 3, 2009 and at all times alleged herein, the Plaintiff,

JASON HOLMAN was employed by the Defendant, NSRC, as a brakeman/conductor and his duties as such were in furtherance of interstate commerce.

7. At the time and place aforesaid, both the Plaintiff, JASON HOLMAN, and the Defendant, NSRC, were subject to an Act of Congress commonly known as the Federal Employers' Liability Act, Title, 45 U.S.C. §§51-60.

8. On December 3, 2009, the Plaintiff was assigned to work as a brakeman on a crew engaged in switching railroad cars in or near Lafayette, Indiana.

9. At the time and place aforesaid, it was dark and the area where Plaintiff was performing switching operations was not equipped with adequate artificial illumination.

10. At the time and place aforesaid, the ground conditions in the area where Plaintiff was performing his switching duties were not level and were full of debris and discarded railroad material which made walking conditions hazardous.

11. At the time and place aforesaid, as Plaintiff was performing his switching duties in darkness, he was caused to fall and sustain personal injury as a result of the above described ground conditions.

12. At the time and place aforesaid, the ground and walkway areas where Plaintiff was directed to perform his assigned duties were maintained by Defendant.

13. At the time and place aforesaid. Plaintiff was acting within the scope of his employment and in furtherance of Defendant's business.

14. At the time and place aforesaid, it was Defendant's duty to Plaintiff to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work.

15. At the time and place aforesaid, notwithstanding its duties to Plaintiff, Defendant was careless and negligent in one or more of the following particulars and

2

thereby caused injury to Plaintiff:

- a) In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work;

- b) In failing to use reasonably safe methods and procedures with regard to the use and maintenance of ground areas where employees, including the Plaintiff, were required to walk to perform their assigned duties;

- c) In failing to comply with railroad industry standards and guidelines regarding the maintenance of ground conditions in yard areas where brakeman including the Plaintiff, were required to work to perform their assigned duties;

- d) In failing to comply with custom and practice in the railroad industry regarding the maintenance of ground conditions in yard areas where brakeman including the Plaintiff were required to walk to perform their assigned duties;

- e) In directing Plaintiff to work at a location which contained unlevel poorly maintained ballast, which Defendant knew or should have known would create a safety hazzard as Plaintiff attempted to perform his duties

- f) In failing to properly level and remove debris in the ground area where Plaintiff was required to walk, when Defendant knew or should have known that said condition created a safety hazzard as Plaintiff attempted to perform his duties;

- g) In failing to adequately inspect the ground conditions in area where Plaintiff was directed to perform his assigned duties;

- h) In failing to provide a walk area comprised of level groung suitable for walking;

- i) In failing to warn Plaintiff that there was an unsafe condition in the area where he was directed to perform his assigned duties.

- j) In allowing debris to accumulate in the walkway areas in its yard where it knew employees would be walking while they performed their duties.

- k) In failing to provide adequate artificial illumination in its yard.

3

l)   In allowing unsafe practices to become common practices.

16.   At the time and place aforesaid, the Plaintiff, JASON HOLMAN, sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more violations by the Defendant of the Federal Employers' Liability Act.

WHEREFORE, the Plaintiff, JASON HOLMAN, prays for judgment against the Defendant, NSRC, in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

_____
Robert B. Thompson
Laurence C. Acker
Robert E. Harrington, III (No. 24616-45)
Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Drive, Suite 300
Chicago, Illinois 60606
312/332-8811
312/332-2027 Fax
htah@harringtonlaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON HOLMAN            ) | |
|                         ) | |
|     Plaintiff,          ) | |
|                         ) | |
| v.                      ) | Trial By Jury Demanded |
|                         ) | |
| NORFOLK SOUTHERN RAILWAY ) | 3:11CV 240 |
| COMPANY, a corporation, ) | |
|                         ) | |
|     Defendant.          ) | |

## JURY DEMAND

The Plaintiff, by his attorneys, Harrington, Thompson, Acker & Harrington, Ltd., hereby demand trial by jury.

Respectfully submitted,

Robert B. Thompson
Laurence C. Acker
Robert E. Harrington, III (No. 24616-45)
Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Drive, Suite 300
Chicago, Illinois 60606
312/332-8811
312/332-2027 Fax
htah@harringtonlaw.com